UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DALE B. ADAMS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 18-0538 (UNA) |
| UNITED STATES DEPARTMENT OF STATE, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

According to plaintiff, defendants falsely alleged that plaintiff belongs to "some type of organization," Compl. ¶ 11, and he "has no way to determine what association the defendants have compelled [him] to belong to," *id.* ¶ 12. Thus, defendants "have caused [plaintiff] egregious harm by possibly falsely alleging [he] belongs to an entity he has nothing to do with," *id.* ¶ 18, supposedly in violation of rights protected under the First, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution, *see id.* ¶¶ 24-33, and in violation of the Administrative Procedure Act, *see id.* ¶¶ 34-35. Missing from the complaint are any factual allegations to support a claim for the violations alleged. Plaintiff does not identify the group with which he is associated, and, for example, does not allege facts to show that this erroneous association violates his "rights to be free from excessive bail and cruel and unusual punishment[.]" *Id.* ¶ 32. Nor does plaintiff identify an agency decision, arbitrary or otherwise, which "cause[d] terror and trauma," *id.* ¶ 34, or which is subject to judicial review under the Administrative Procedure Act, *see id.* ¶ 34.

Therefore, the Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint without prejudice because it fails to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion is issued separately.

DATE:
4/12/18

United States District Judge